**GUI WEN WANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–1998–AG.**

United States Court of Appeals, Second Circuit.

April 14, 2006.

Michael Brown, New York, New York, for Petitioner.

Anthony J. Jenkins, United States Attorney for the District of the Virgin Islands, Jason T. Cohen, Assistant United States Attorney, St. Thomas, Virgin Islands, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 14th day of April, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Gui Wen Wang, through counsel, petitions for review of the March 30, 2005, BIA decision denying her motion to reconsider and reopen her immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Sukhraj Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001).

A motion to reconsider must specify errors of fact or law and be supported by pertinent authority. 8 C.F.R. § 1003.2(b)(1). Wang did not allege any error of fact or law. Rather, she merely restated the same arguments that she initially raised on appeal to the BIA. Because we assume that the BIA had evaluated and rejected those arguments previously, it was not an abuse of discretion for the BIA to deny the motion on this ground. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111, (2d Cir.2006).

A motion to reopen will not be granted unless the movant proves that the evidence sought to be offered is material, was not available, and could not have been discovered or presented at the former hearing. 8 C.F.R. § 1003.2(c)(1). The BIA did not abuse its discretion in determining that each of the grounds upon which Wang based her motion was insufficient to justify reopening her removal proceedings. The

BIA correctly concluded that the treatment of Wang's parents after their arrests did not rise to the level of persecution. In addition, the BIA reasonably found that there was no evidence in the record demonstrating that individuals are subject to persecution on account of their practice of Falun Gong while abroad. Finally, the BIA properly noted that Wang's claim that she would be persecuted because her husband was Buddhist was too speculative to warrant relief.

Accordingly, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.